IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                        No. CIV S-06-0618 GEB EFB

    vs.

MICHAEL TARANTINO,

    Defendant.                     <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff's motion for default judgment was referred to the undersigned pursuant to Local Rule 72-302(c)(19), and was deemed suitable for submission without oral argument pursuant to Local Rule 78-230(h). Upon review of the motion and complaint, the undersigned issues the following findings and recommendations.

**I.**     **BACKGROUND**

        On February 8, 2005, defendant Michael Tarantino filed with the Secretary of State of the State of California a UCC Financing Statement, Filing Number 05-7015042963 ("UCC Financing Statement"), falsely describing as debtors Internal Revenue Service Commissioner Mark Everson, Compliance Services Operations Managers Noreen Bavaro and Dennis Parizek, Revenue Officer Kathy Parker, Appeals Settlement Officer Rene Swall, and Chapter 13 Bankruptcy Advisor Octavia Butler (collectively, the "named persons"). The UCC Financing

Statement purports to encumber the real and personal property and other assets of the named persons in a lien amount exceeding $18 million.

On March 24, 2006, the United States filed this action seeking a judicial declaration that the UCC Financing Statement filed by defendant be declared null, void and of no legal effect and for issuance of a permanent injunction enjoining defendant from filing any further documents which purport to create a non-consensual lien or encumbrance against the person or property of any government employee. On August 21, 2006, the court entered an order permitting service of the summons and complaint by publication. Notice of Summons and Service by Publication was published in the Reno Gazette-Journal between August 28, 2006 and September 18, 2006, and in the Sacramento Business Journal on October 27, November 3, 10, and 17, 2006. *See* Notices of Summons and Service by Publication (Docket Nos. 12, 15). The published Notice of Summons and Service by Publication instructed defendant to file an answer, and notified him that failure to do so would result in plaintiff seeking default judgment against him. *Id.* Defendant has not filed an answer or a response to the complaint in this case.

The Clerk entered the default of defendant on December 19, 2006. The United States filed its motion for default judgment on January 10, 2007. To date, defendant has failed to file any response to the complaint or motion, or otherwise appear in this action.

**II.   JURISDICTION AND LEGAL STANDARD**

This Court has jurisdiction under 28 U.S.C. § 1345 and 26 U.S.C. § 7402(a). Default may be entered by the clerk if the defendant has "failed to plead or otherwise defend" within the permitted time. Fed. R. Civ. P. 55(a). District courts have discretion whether to enter default judgment. *Lau Ah Yew v. Dulles*, 236 F.2d 415 (9th Cir. 1956). In *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), the court identified seven factors that district courts may consider in exercising their discretion to award a default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6)

> whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Id.* at 1471-72.  "In applying this discretionary standard, default judgments are more often granted than denied."  *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

Where a default is entered, the well-pleaded allegations in the complaint are taken as true. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).  The plaintiff, however, must establish the relief to which it is entitled.  *See Pope v. United States*, 323 U.S. 1 (1944); *Fair Housing of Marin*, 285 F.3d at 906.

**III.   FACTS**

1.   On February 8, 2005, defendant Michael Tarantino filed with the Secretary of State of the State of California a UCC Financing Statement, Filing Number 05-7015042963 ("UCC Financing Statement"), falsely describing the named persons as debtors.  *See* Complaint ("Compl."), at ¶ 7.  The UCC Financing Statement purports to encumber the real and personal property and other assets of the named persons in a lien amount exceeding $18 million.[1]  Compl., at ¶ 9.

2.   At all times pertinent to this action, the named persons were officers or employees of the Internal Revenue Service.  Compl. ¶ 8.

3.   None of the named persons are personally acquainted with defendant and have had no contact or relationship with him outside the scope of their employment.  *Id.*  They have never had any personal or commercial involvement with defendant, nor have they borrowed money from or otherwise become indebted to him.  *Id.*  None of these individuals have ever consented to the filing of the UCC Financing Statement.  *Id.*

---

[1] The Court takes judicial notice of the contents of the UCC Financing Statement.  *See Lee v. Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that judicial notice may be taken of public records).

4. The UCC Financing Statement was filed by defendant in retaliation for the acts performed by the officers and employees of the Internal Revenue Service as part of their official duties, under their authority as officers, or under the direction of officers, of the United States of America. Compl., at ¶ 10.

5. The UCC Financing Statement is specifically designed to cause substantial interference with the enforcement of the laws of the United States pertaining to the internal revenue and to molest, interrupt, hinder, intimidate or impede employees or officers of the United States in the good faith performance of their official duties. Compl., at ¶ 11.

6. The filing of the UCC Financing Statement by defendant poses an immediate and irreparable injury upon the United States of America by impeding, obstructing, and impairing the execution of the official duties of its employees and officers. Compl., at ¶ 13.

## IV. ANALYSIS

Based upon a review of the seven factors set forth in *Eitel*, 782 F.2d at 1471-72, identified above, the court recommends that plaintiff's request for default judgment against defendant be granted.

### A. The merits of the Government's claims and the sufficiency of its complaint

These two factors identified in *Eitel* "require that a plaintiff state a claim on which the [plaintiff] may recover." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). Because the United States has established the merits of its claims against defendant, these factors weigh heavily in favor of granting default judgment.

#### 1. Declaratory Relief

Section § 7402(a) of the Internal Revenue Code[2] grants district courts jurisdiction to "render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." I.R.C. § 7402(a); *see Ryan v. Bilby*, 764 F.2d 1325, 1327 (9th Cir.

---

[2] Title 26 of the United States Code, hereinafter I.R.C.

4

1985). The Ninth Circuit has found that § 7402(a) "empowers the district court to void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes." *Ryan*, 764 F.2d at 1327; *see also Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985), *cert. denied*, 476 U.S. 1183 (1986); *see also United States v. Van Dyke*, 568 F. Supp. 820 (D. Or. 1983) (enjoining the filing of common-law liens to harass IRS employees and thereby deter enforcement of the tax laws).

Liens between private parties are generally governed by state law, and under the applicable law of California, liens can be created only by (1) contract between the parties or (2) by operation of law. *See* Cal. Civil Code § 2881. Based upon the well-pleaded allegations of the complaint, it is uncontroverted that defendant's purported lien against the named persons has no basis in law or fact. The named persons are not personally acquainted with defendant and have had no contact or relationship with him outside the scope of their employment or official duties. Compl. ¶ 8. They have not engaged in any contract or personal transaction with defendant, nor do they owe him money. Compl. ¶ 8. Thus, the UCC Financing Statement claiming a debt of in excess of $18 million is not based on any legitimate debt or law. Rather, the UCC Financing Statement was filed to harass the named persons. Compl., at ¶ 11. The lien is non-consensual, non-judicial and non-statutory and should be declared null and void. Compl. ¶ 8.

Pursuant to I.R.C. § 7402(a), the Court may "void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes." *Ryan*, 764 F.2d at 1327.

Based on a review of the complaint and record, and accepting the allegations in the complaint as true, *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987), the court finds that plaintiff has established that the UCC Financing Statement should be declared null, void and of no legal effect.

////

////

## 2. **Injunctive Relief**

Section 7402(a) of the Internal Revenue Code permits the issuance or "orders of injunction . . . as may be necessary or appropriate for the enforcement of the internal revenue laws." I.R.C. § 7402(a); *see Ryan*, 764 F.2d at 1327. This language is broad and indicates "a congressional intention to provide the district courts with a full arsenal of powers to compel compliance with the internal revenue laws." *Brody v. United States*, 243 F.2d 378, 384 (1st Cir. 1957), *cert. denied*, 354 U.S. 923 (1957); *see also United States v. First National City Bank*, 568 F.2d 853 (2d Cir. 1977). Section 7402(a) has been interpreted to confer on courts the power to enjoin persons from filing of such harassing liens in the future. *See, e.g., Van Dyke*, 568 F. Supp. at 822.

"According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC,* 126 S. Ct. 1837, 1839 (2006) (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-13 (1982)).

In filing the UCC Financing Statement, defendant imposes irreparable harm upon the employees and officers of the federal government with whom he quarrels. False liens potentially cloud title to property owned by IRS employees and officers, and damage their credits ratings. *Van Dyke*, 568 F. Supp. at 822. Moreover, these false liens "threaten substantial interference with the administration and enforcement of the Internal Revenue laws." *See United States v. Hart*, 545 F. Supp. 470, 473 (D.N.D. 1982), *aff'd*, 701 F.2d 749 (8th Cir. 1983). Therefore, the court finds that the IRS employees and the United States will suffer harm if an injunction is not granted. *See United States v. Kaun*, 633 F. Supp. 406, 418 (E.D. Wis. 1986) ("[Defendant] and

1 his followers continue to seek to frustrate the administration and enforcement of the federal tax
2 laws -- all to the great irreparable harm of the Internal Revenue Service and the public it
3 serves."). Conversely, because this UCC Financing Statement has no factual or legal basis and
4 thus is of no legal effect, defendant will not be injured by an injunction which enjoins him from
5 filing similar non-consensual common law liens or encumbrances in the future. *See In re*
6 *Martin-Trigona*, 763 F.2d 140, 141-42 (2nd Cir. 1985), *cert. denied*, 474 U.S. 1061 (1986).
7 Thus the balance of hardships tips in the United States' favor.

8 An inadequacy of remedies at law exists in the instant case given that solely voiding the
9 instant UCC Financing Statement will not prevent defendant from simply filing another
10 financing statement against these same named individuals, or any other IRS employees. The
11 only method to ensure that defendant will not continue to make such frivolous filings is to issue
12 a permanent injunction. *See Forbes*, 2006 WL 1409741, at *3-*4.

13 Finally, the court finds that the public interest will be served by an injunction forbidding
14 this harassment in the future, and such an injunction should issue. As discussed above, I.R.C.
15 § 7402 authorizes the court to make such orders as are necessary for the enforcement of the
16 internal revenue laws. *See Ryan*, 764 F.2d at 1327 (noting, with approval, a district court's order
17 enjoining filing of frivolous liens against IRS employees). Given the public's interest in the
18 judicial process, the fair administration of the federal tax laws, and the prevention of abuse and
19 harassment of government employees, it is in the interest of the public that a permanent
20 injunction issue in this case. *See Van Dyke*, 568 F. Supp. at 821; *see also Forbes*, 2006 WL
21 1409741, at *4 ("the public interest is served by protecting individuals in the exercise of their
22 official duties").

23 Based on the well-pleaded complaint and the other matters of record, the United States
24 has demonstrated it is entitled to an injunction permanently enjoining defendant from filing any
25 document or instrument which purports to create a non-consensual lien or encumbrance of any
26 kind against any employee or officer of the federal government.

7

### B. Possibility of prejudice

Failure to issue a final judgment in the instant case will prejudice the United States in that it will encourage similar behavior and cause a chilling effect on employees of the United States when carrying out their official duties.  Further, if the default judgment is not entered, the United States and the named individuals would be deprived of a judicial resolution of the claims presented and be without recourse against defendant. *Elektra Entm't Group, Inc.*, 226 F.R.D. at 392.  Therefore the danger of prejudice to the United States weighs in favor of entering the default judgment.

### C. The amount of damages

Where, as here, the United States seeks non-monetary relief, this factor weighs in favor of granting default judgment for the United States. *See id.* at 393

### D. Lack of any possibility of dispute

Upon entry of default, the well-pleaded allegations of the complaint are taken as true. *Fair Housing of Marin*, 285 F.3d at 906.  Here, sufficient facts have been alleged showing plaintiff's entitlement to the relief sought, and defendant has submitted nothing to contradict them. Accordingly, there is no likelihood that any genuine issue of material fact exists.  This factor therefore weighs in favor of granting default judgment. *TeleVideo Systems*, 826 F.2d at 917-18; *Elektra Entertainment Group, Inc.*, 226 F.R.D. at 393.

### E. Excusable Neglect

In the instant case, pursuant to the court's order, the United States served the complaint via publication in the Reno Gazette-Journal between August 28, 2006 and September 18, 2006, and in the Sacramento Business Journal on October 27, November 3, 10, and 17, 2006. Defendant has failed to appear, and the possibility of excusable neglect is remote.  Therefore, this factor weighs in favor of granting default judgment. *See id.*

////

////

### F.  Policy favoring decisions on the merits

As discussed above, the filing of a frivolous lien against IRS employees is an attempt to interfere with the official duties of the employees of the United States. While it is true that cases should be decided on their merits whenever possible, it was defendant's own conduct that has precluded such a decision on the merits. In such circumstances the prejudice to the United States outweighs the policy that cases should be decided on the merits. *See id.*

In sum, the court finds that, based on the well-pleaded allegations of the complaint and other matters of record, the United States has demonstrated that it satisfies the factors set forth in *Eitel*. The court therefore recommends that plaintiff's request for entry of default judgment against defendant should be granted.

## V.  RECOMMENDATION

Based upon the foregoing IT IS HEREBY RECOMMENDED that:

1. The United States' motion for default judgment be granted and judgment for the United States be entered on all claims;

2. UCC Financing Statement, Filing Number 05-7015042963, filed by defendant on February 8, 2005, against Internal Revenue Service Commissioner Mark Everson, Compliance Services Operations Managers Noreen Bavaro and Dennis Parizek, Revenue Officer Kathy Parker, Appeals Settlement Officer Rene Swall, and Chapter 13 Bankruptcy Advisor Octavia Butler be declared null, void and of no legal effect.

3. Leave be granted for plaintiff to file the judgment and order of this court with the California Secretary of State and in the public records of any other jurisdiction where documents identical or similar to UCC Financing Statement, Filing Number 05-7015042963, have, or may have, been filed by defendant; and,

4. Defendant Michael Tarantino, his agents, employees, and all others acting in active concert or participation with him, be permanently enjoined from filing, or attempting to file, any document or instrument which purports to create or reflect any non-consensual lien or

encumbrance against the person or property of the above named IRS employees and officers, or other employees or officers of the United States.  Nevertheless, this recommended permanent injunction should not prevent defendant from applying to any state or federal court of competent jurisdiction in order to obtain relief of any non-frivolous legal claim, and this recommended injunction should not apply to or prohibit liens lawfully created by any judgment of a court of competent jurisdiction.

      5. The Clerk be directed to close the case.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: May 23, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE